

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

## NO. PD-0891-15

## ARTHUR FRANKLIN MILLER, JR., Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S MOTION FOR REHEARING AFTER OPINION ON DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS COLLIN COUNTY

**NEWELL, J., filed a concurring opinion in which WALKER J., joined.**

Appellant complains that he waived his right to a jury based upon bad advice from his attorney regarding his eligibility for probation. This resulted in his ineligibility to receive probation at punishment. There is no disagreement that this amounted to deficient performance. The disagreement is about what an Appellant must do to establish that he was

prejudiced by his attorney's performance.  I agree with the Court that Appellant need not prove that he would have actually received probation. He need not prove that receiving probation was even a realistic possibility.  He must prove that his attorney's bad advice resulted in making a decision to waive rights or procedures he would not have otherwise waived had he been given correct advice.  That's why I join the Court's opinion.  I write separately to explain why the dissents convinced me to do so.

At the outset, I disagree with framing the Court's opinion as a great expansion of the Sixth Amendment right to effective assistance of counsel rather than a faithful application of Supreme Court precedent.  The Court does not cut a new standard out of whole cloth to evaluate Appellant's claims.  Rather, the Court decides that the standard set out by the Supreme Court in *Hill v. Lockhart*–focusing upon how the deficient representation affected the defendant's decision-making–is best suited for addressing the type of ineffective assistance complaint lodged in this case.[1]  But that standard has always been a part of the traditional

---

[1] 474 U.S. 52 (1985).

*Strickland v. Washington* standard.[2]

Rather, drawing a distinction regarding the standard of prejudice based upon whether there was "an entire trial proceeding" would greatly diminish the right to effective assistance of counsel and undermine the purpose behind both *Strickland* and *Hill*. When the Supreme Court decided *Hill v. Lockhart* it applied the *Strickland* standard to a completely different type of proceeding than the one in *Strickland*.[3] The focus was protecting a defendant's Sixth Amendment right to the effective assistance of counsel not the reliability of a particular type of proceeding.[4] Later, the Court made clear in *Roe v. Flores-Ortega*, that prejudice results from the denial of the "entire judicial proceeding" to which a defendant is entitled.[5] Yet requiring proof that a defendant would have actually received probation had he received proper advice places the emphasis

---

[2] *Id.* at 57 ("Although our decision in *Strickland v. Washington* dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process.").

[3] *Id.*

[4] *Id.* at 56 ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'") (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[5] 528 U.S. 470, 483 (2000). Notably, the Court referred to a "judicial" proceeding. It did not draw a distinction between a trial proceeding and a plea proceeding.

upon the proceeding rather than the effectiveness of the representation.[6] The Supreme Court rejected this approach in *Lafler v. Cooper*.[7]

There, the defendant chose to reject a plea bargain offer based upon the erroneous advice of counsel and proceed to trial.[8] The federal district court granted relief and the Sixth Circuit Court of Appeals affirmed, which lead to the State petitioning the Supreme Court to hold that relief was inappropriate.[9] The Court summarized the State's arguments as simply claiming that the defendant received a fair trial so he could not complain that counsel's advice was deficient.

> In the end, petitioner's three arguments amount to one general contention: A fair trial wipes clean any deficient performance by defense counsel during plea bargaining.[10]

The Court rejected this argument, noting that it is insufficient to simply point to the guarantee of a fair trial as a backstop that inoculates any errors in the pre-trial process.[11] Yet, holding that Appellant was not

---

[6] For this reason I am equally unpersuaded that *Weaver v. Massachusetts*, 137 S.Ct. 1899 (2017), a case involving the failure to object to the lack of a public trial, has anything to do with this analysis.

[7] 566 U.S. 156 (2012).

[8] *Id.* at 160.

[9] *Id.*

[10] *Id.* at 169.

[11] *Id.* at 165.

prejudiced in this case because he received an entire trial proceeding adopts the same argument rejected by the Supreme Court.

It is true that the Supreme Court wrote in *Lafler* that a defendant must show "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."[12]  But that observation must be considered in the context of that case.  The Supreme Court relied upon a record that showed Cooper had received a sentence that was 3 ½ times greater than he would have received under the plea.[13]  That holding does not translate to a requirement that Appellant prove he actually would have received probation.  Here, a lack of a probated sentence does not tell us anything because the trial court was not statutorily authorized to award such a sentence.  In this case, Appellant has proven that he would have had a better outcome, at least as to punishment, had he not waived his right to a jury because it would have at least provided him with an opportunity he absolutely did not have under the proceeding he received.

This understanding is reinforced by the Supreme Court's recent

---

[12] *Id.* at 164.

[13] *Id.* at 174.

decision in *Lee v. United States*.[14] There, the defendant was charged with possession of ecstasy with intent to distribute, and, as the Court described it, the defendant's "prospects of acquittal at trial were grim."[15] However, his primary concern was not how much time he might serve if found guilty. Rather, he was concerned that a conviction would result in deportation. His attorney incorrectly advised him that he would not be deported if he took the plea deal. He filed a motion to vacate his conviction and sentence arguing that his attorney provided constitutionally ineffective assistance. The Government argued that the defendant had not shown prejudice because he had "no viable defense at trial, he would almost certainly have lost and found himself still subject to deportation, with a lengthier prison sentence to boot."[16] According to the Government, the defendant's only hope at trial was that "something unexpected and unpredictable might occur that would lead to an acquittal."[17]

---

[14] 137 S.Ct. 1958 (2017).

[15] *Id.* at 1965. Police obtained a search warrant for the defendant's house where they found 88 ecstasy pills. *Id.* at 1963. The defendant admitted the pills were his and that he had given the ecstasy to his friends. *Id.*

[16] *Id.* at 1966.

[17] *Id.*

The Supreme Court rejected the Government's argument because deportation was the determinative issue in the defendant's decision to accept the plea deal.[18]  According to the Court, the defendant faced a choice between the certainty of being deported by accepting a plea and the "almost" certainty of being deported by risking a trial.  That "almost" made all the difference.[19]

Appellant was faced with an analogous choice in this case.  Though the issue was not deportation, Appellant faced a choice between the certainty that the judge could not award him probation and the almost certainty that a jury would not award him probation.  As in *Lee*, that "almost" is enough to establish prejudice.  As Professors Dix and Schmolesky have observed of our original opinion in this case, "In light of *Lee*, the plurality in *Miller* is apparently wrong."[20]  I agree.  And it is better to fix the error now on rehearing.  That is why I join the Court.

Filed: May 23, 2018

Publish

---

[18] *Id.* at 1967.

[19] *Id.* at 1968-69.

[20] 42 George E. Dix & John M. Schmolesky, Tex. Prac., Criminal Practice and Procedure § 29:90 (3d ed. 2011).